UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
DARNELL CREDELL,

             Plaintiff,

      -against-

P.O. DUNNE,

            Defendant.
--------------------------------X

**TRANSFER ORDER**
16-CV-3081(KAM)

**MATSUMOTO, United States District Judge:**

      Plaintiff Darnell Credell ("plaintiff"), currently incarcerated at Lakeview Shock Incarceration Correctional Facility, filed the instant *pro se* complaint under 42 U.S.C. § 1983. Plaintiff alleges that on June 18, 2009, he was arrested outside the Herald Square Macy's in Manhattan by Police Officer Dunne, an officer assigned to the Midtown South Police Precinct. (ECF No. 1, Complaint ("Compl.") at ¶ IV.) Plaintiff alleges that his Fourth Amendment rights were violated during the course of his arrest and seeks monetary damages. (*Id.* at ¶¶ IV-V.)

      Under 28 U.S.C. § 1391, an action may be brought in:

    (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to

the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) ("§ 1391(b)").

Here, § 1391(b)(1) cannot provide the basis for venue in the Eastern District of New York. "In a suit against public officials, residence for the purpose of venue is where the officials perform their duties." *Legrand v. City of New York*, No. 09-CV-9670, 2010 WL 742584, at *4 n.1 (S.D.N.Y. Mar. 3, 2010) (citations omitted). Plaintiff identifies the defendant police officer as "P.O. Dunne" and states that Officer Dunne is assigned to the Midtown South Police Precinct in Manhattan.[1] (Compl. at ¶ III.B.) Because Officer Dunne, the sole defendant, performs his duties in Manhattan — in the Southern District of New York — venue does not lie under § 1391(b)(1).

Venue is also inappropriate in the Eastern District of New York under § 1391(b)(2) because a "substantial part of the events or omissions giving rise to the claim" did not occur in the Eastern District of New York. In fact, no act or omission alleged in the complaint occurred in the Eastern District of New York.

---

[1] The Herald Square Macy's, the court recognizes, falls within the Midtown South Police Precinct's boundaries. *See Precinct Finder*, New York Police Department, *available at* http://www.nyc.gov/html/nypd/html/precinct_maps/precinct_finder.shtml.

Plaintiff alleges that an officer observed him receive an envelope containing a card in front of the Herald Square Macy's. (Compl. at ¶ IV.) The officer then purportedly followed him into the Macy's, waited until he purchased an item using the card, and then arrested him outside the store. (*Id.*) All of the events giving rise to the instant action (at least, as alleged in the complaint) occurred in the Southern District of New York. Accordingly, venue in the Eastern District of New York is not appropriate under § 1391(b)(2).

Finally, venue is not appropriate under § 1391(b)(3) because there is another district where the instant action may be brought. As discussed above, the Southern District of New York is an appropriate venue for plaintiff's action. The defendant resides in the Southern District of New York and all of the events alleged in plaintiff's complaint occurred in the Southern District of New York.

Accordingly, the Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Southern District of New York, *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."), and

3

administratively close this case. No summons shall issue from this court and a ruling on plaintiff's application to proceed *in forma pauperis* is reserved for the transferee court. The court notes that plaintiff failed to submit a Prison Litigation Reform Act authorization. The court offers no opinion on the merits of plaintiff's action.

Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day delay before transfer is effected, is waived. *See United States v. Pedro*, No. 03-CR-346, 2013 WL 776359, at *1 (S.D.N.Y. Feb. 27, 2013) (waiving E.D.N.Y. Local R. 83.1 in transferring action).

**SO ORDERED.**

Dated:       July 1, 2016
             Brooklyn, New York

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

4